UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA J. WALKER,<br><br>           Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>           Defendant. | No. 2:13-cv-01843-AC<br><br><br>ORDER |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying an application for Disability Income Benefits ("DIB") under Title II of the Social Security Act ("Act"). For the reasons discussed below, the court will grant plaintiff's motion for summary judgment, deny the Commissioner's cross-motion for summary judgment, and remand this matter under sentence four of 42 U.S.C. § 405(g) for further proceedings.

### I.   PROCEDURAL BACKGROUND

Plaintiff, born June 16, 1957, applied on May 5, 2010 for DIB, alleging disability beginning September 18, 2009. Administrative Record ("AR") 95, 191. Plaintiff alleged she was unable to work due to upper and lower back pain as well as her diabetes. AR 212. In a decision dated March 29, 2012, the ALJ determined that plaintiff was not disabled for the period prior to

1

February 1, 2012.  AR 24–25.  The ALJ made the following findings (citations to 20 C.F.R. omitted):

> 1.  The claimant meets the insured status requirements of the Social Security Act through December 31, 2014.
>
> 2.  The claimant has not engaged in substantial gainful activity since the alleged onset date.
>
> 3.  Since the alleged onset date of disability, September 18, 2009, the claimant has had the following severe impairments: diabetes mellitus, degenerative disc disease of the lumbar spine and obesity.
>
> 4.  Since the alleged onset date of disability, September 18, 2009, the claimant has not had an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.
>
> 5.  After careful consideration of the entire record, the undersigned finds that prior to February 1, 2012, the date the claimant became disabled, the claimant had the residual functional capacity to perform light work . . . except the claimant can lift and carry 20 pounds occasionally and 10 pounds frequently; stand, walk and sit for 6 hours in an 8-hour workday; can never climb ladders, ropes and stairs; can occasionally climb ramps and stairs, stoop, kneel, crouch, crawl and overhead reach bilaterally; and can frequently balance and crawl.
>
> 6.  After careful consideration of the entire record, the undersigned finds that beginning on February 1, 2012, the claimant has the residual functional capacity to perform sedentary work . . . except the claimant is able to lift and carry 20 pounds occasionally and 10 pounds frequently; stand and walk for less than 2 hours in an 8-hour day; sit for 4 hours in an 8-hour workday; requires a sit and stand option 1-2 times a day for 10 minutes at a time; can occasionally climb stairs but can never twist, stoop, bend, crouch, squat or climb ladders.
>
> 7. Prior to February 1, 2012, the claimant was capable of performing past relevant work as a receptionist and office technician.  This work did not require the performance of work-related activities precluded by the claimant's residual functional capacity.
>
> 8. Beginning on February 1, 2012, the claimant's residual functional capacity has prevented the claimant from being able to perform past relevant work.
>
> 9.  The claimant was an individual closely approaching advanced age on February 1, 2012, the established disability onset date.
>
> 10.  The claimant has at least a high-school education and is able to communicate in English.

> 11. The claimant does not have work skills that are transferable to other occupations within the residual functional capacity defined above.
>
> 12. Since February 1, 2012, considering the claimant's age, education, work experience, and residual functional capacity, there are no jobs that exist in significant numbers in the national economy that the claimant can perform.
>
> 13. The claimant was not disabled prior to February 1, 2012, but became disabled on that date and has continued to be disabled through the date of this decision.

AR 16–24.

## II. FACTUAL BACKGROUND

Born on June 16, 1957, plaintiff was 52 years old on the alleged onset date of disability and 54 at the hearing before the ALJ. AR 51, 95. Plaintiff completed high school and obtained her associate's degree. AR 55. She last worked as an office technician. AR 55–56.

## III. ISSUES PRESENTED

Plaintiff argues that the ALJ committed the following errors in finding plaintiff not disabled prior to February 1, 2012: (1) the ALJ improperly assessed the severity of her impairments and failed to consider all of them in combination in determining plaintiff's residual functional capacity; (2) the ALJ improperly evaluated the opinions of Dr. Carl Shin, a treating physician; (3) the ALJ improperly evaluated plaintiff's credibility; and (4) the ALJ failed to develop the regard regarding the time period to which Dr. Carl Shin's medical opinions relate.[1]

## IV. LEGAL STANDARDS

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is more than a mere scintilla, but less than a preponderance. Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003) (citation omitted). It means "such relevant evidence as a reasonable

---

[1] As discussed below, the ALJ ignored the January 23, 2012 opinion of Dr. Carl Shin and failed to fully develop the record regarding the time period to which Dr. Shin's opinions relate. Because these issues are dispositive, the court need not address plaintiff's other arguments.

3

1  mind might accept as adequate to support a conclusion." Orn v. Astrue, 495 F.3d 625, 630 (9th

2  Cir. 2007), quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). "The ALJ is

3  responsible for determining credibility, resolving conflicts in medical testimony, and resolving

4  ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted).

5  "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one

6  rational interpretation." Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

7        The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th

8  Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's

9  conclusion weighed. See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not

10  affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. Id.; see

11  also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the

12  administrative findings, or if there is conflicting evidence supporting a finding of either disability

13  or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226,

14  1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in

15  weighing the evidence. See Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

16                                V. ANALYSIS

17  A.     Medical Opinions

18        Plaintiff contends the ALJ erred in evaluating the opinion of treating physician Dr. Carl

19  Shin. There are three types of physicians relevant to disability determinations: treating

20  physicians, examining physicians, and nonexamining physicians. "If a treating doctor's opinion is

21  not contradicted by another doctor (i.e., there are no other opinions from examining or

22  nonexamining sources), it may be rejected only for 'clear and convincing' reasons supported by

23  substantial evidence in the record." See Ryan v. Comm'r of Soc. Sec. Admin., 528 F.3d 1194,

24  1198 (9th Cir. 2008); Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996). "If the ALJ rejects a

25  treating or examining physician's opinion that is contradicted by another doctor, he must provide

26  specific, legitimate reasons based on substantial evidence in the record." Valentine v. Comm'r of

27  Soc. Sec. Admin., 574 F.3d 685, 692 (9th Cir. 2009); Ryan, 528 F.3d at 1198.

28  ////

1  "[T]he medical opinions of a claimant's treating physicians are entitled to special weight."
2  Embrey v. Bowen, 849 F.2d 418, 421 (9th Cir. 1988).  If the ALJ disregards a treating physician's
3  opinion, the ALJ must "set[ ] out a detailed and thorough summary of the facts and conflicting
4  clinical evidence, stating his interpretation thereof, and making findings."  Id. (quoting Cotton v.
5  Bowen, 799 F.2d 1403, 1408 (9th Cir. 1986)).  Moreover, "[t]he ALJ need not accept the opinion
6  of any physician, including a treating physician, if that opinion is brief, conclusory, and
7  inadequately supported by clinical findings."  Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir.
8  2002).  "To evaluate whether an ALJ properly rejected a medical opinion, in addition to
9  considering its source, the court considers whether (1) contradictory opinions are in the record;
10 and (2) clinical findings support the opinions."  Esposito v. Astrue, 2012 WL 1027601, CIV S-
11 10-2862-EFB at *3 (E.D.Cal. Mar. 26, 2012).

12 A nonexamining physician's function is to read medical evidence in a claimant's case
13 records, decide whether or not the claimant's impairments meet or equal the Listings, and
14 determine the claimant's Residual Functional Capacities.  20 C.F.R. § 416.927(e)(1)(i).  Because
15 nonexamining physicians do not have the benefit of hearing the claimant's complaints of pain,
16 their opinions as to claimant's pain are of "very limited value."  Penny v. Sullivan, 2 F.3d 953,
17 957 (9th Cir. 1993).

18 Dr. Shin treated plaintiff beginning in November 2009.  AR 457.  He provided numerous
19 progress notes describing plaintiff's subjective allegations of pain as well as his clinical findings.
20 See AR 384–422.  On January 23, 2012, Dr. Shin completed a Physical Residual Functional
21 Capacity Questionnaire on behalf of plaintiff.  AR 457–60.  In that January 23, 2012
22 questionnaire, Dr. Shin opined that plaintiff could sit for about four hours, stand and walk for less
23 than two hours, required a sit and stand option, would require approximately one-to-two
24 unscheduled breaks, could frequently lift 10 pounds and occasionally lift 20 pounds, could never
25 twist, stoop, bend, crouch, squat, climb ladders, but could occasionally climb stairs, and would
26 miss about one day of work per month due to her impairments.  Id.
27 ////
28 ////

The opinions of Drs. DeSouza and Schwartz contradict in substantial part Dr. Shin's January 23, 2012 opinion. On May 26, 2011, Dr. DeSouza, a state agency non-examining physician, opined that plaintiff could stand and/or walk for six hours, sit for a total of six hours, and occasionally climb stairs, stoop and crouch. AR 106. Like Dr. Shin, Dr. DeSouza found that plaintiff could occasionally lift 20 pounds and frequently lift 10 pounds. Id. The ALJ gave Dr. DeSouza's opinion great weight because it was "consistent with the mild medical imagery findings and overall medical records." AR 20. On August 19, 2010, Dr. Jonathan Schwartz, an examining physician, completed a Comprehensive Internal Medicine Evaluation. AR 272. Dr. Schwartz opined that plaintiff had no limitations in her standing, walking or sitting capacities, or in the work place environment, and had postural limitations preventing her from frequent stooping. AR 275. Dr. Schwartz also found that plaintiff could lift and carry 20 pounds occasionally and 10 pounds frequently. Id. The ALJ gave substantial weight to Dr. Schwartz's opinion because it was "consistent with his direct examination and findings and the medical records overall supports Dr. DeSouza's opinion that the claimant can perform light exertional work . . . ." AR 20.

Because Dr. Shin's January 23, 2012 opinion was contradicted by the opinions of Drs. DeSouza and Schwartz as to plaintiff's ability to stand, walk, sit, stoop and crouch, the ALJ was required to provide specific and legitimate reasons for rejecting the opinion of Dr. Shin. See Valentine, 574 F.3d at 692. The ALJ failed to provide *any* reasons for rejecting Dr. Shin's January 23, 2012 opinion and did not expressly address it. Rather, in support of the pre-February 1, 2012 RFC finding, the ALJ discussed only Dr. Shin's progress notes. AR 21–22. As described above, the ALJ found that prior to February 1, 2012, plaintiff could, among other things, occasionally twist, stoop, and crouch. AR 18. This assessment, although supported by the opinions of Drs. DeSouza and Schwartz, contradicts Dr. Shin's January 23, 2012 opinion. In addition, the ALJ's pre-February 1, 2012 RFC assessment did not take into account Dr. Shin's work-attendance limitations which stated that plaintiff would likely miss at least one day of work per month and required one-to-two unscheduled breaks throughout the day as the result of her impairments. Accordingly, the ALJ erred in evaluating Dr. Shin's January 23, 2012 opinion by

1  rejecting it without providing any reasons.

2      B.  Duty to Develop the Record

3      Plaintiff contends the ALJ failed to fully and fairly develop the record with respect to the

4  time period relevant to Dr. Shin's opinions.  The ALJ has a duty "to fully and fairly develop the

5  record and to assure the claimant's interests are considered." Brown v. Heckler, 713 F.2d 441,

6  443 (9th Cir. 1983).  The duty to develop the record is "triggered only when there is ambiguous

7  evidence or when the record is inadequate to allow for proper evaluation of the evidence." Mayes

8  v. Massanari, 276 F.3d 453, 459–60 (9th Cir. 2001).  "Ambiguous evidence, or the ALJ's own

9  finding that the record is inadequate to allow for proper evaluation of the evidence, triggers the

10 ALJ's duty to conduct an appropriate inquiry." Tonapetyan v. Halter, 242 F.3d 1144. 1150 (9th

11 Cir. 2001).  "A specific finding of ambiguity or inadequacy of the record is not necessary to

12 trigger this duty to inquire, where the record establishes ambiguity or inadequacy." McLeod v.

13 Astrue, 640 F.3d 881, 885 (9th Cir. 2011).  "The ALJ may discharge this duty in several ways,

14 including: subpoeanaing the claimant's physicians, submitting questions to the claimant's

15 physicians, continuing the hearing, or keeping the record open after the hearing to allow

16 supplementation of the record." Tonapetyan, 242 F.3d at 1150 (citations omitted).

17     In this instance, the court agrees that the record before the ALJ was ambiguous regarding

18 the time periods addressed by Dr. Shin's opinions.  The record contains identical responses by Dr.

19 Shin on residual functional capacity questionnaires dated January 23, 2012 and February 6, 2012,

20 including the same work-attendance and work-continuity limitations. Compare AR 458-60 with

21 514-15.  The ALJ relied on Dr. Shin's February 6, 2012 responses in finding a disability onset

22 date of February 1, 2012.  AR 22, 24.  However, the identical answers on a questionnaire

23 predating February 1, 2012 call that onset finding into question.  The ALJ determined that

24 plaintiff's condition had deteriorated over time and that Dr. Shin's February 6, 2012 opinion

25 supporting a finding of disability.  The onset of that disability necessarily depends on the period

26 of time covered by the January 23, 2012 questionnaire, which the ALJ did not discuss.

27     On March 23, 2012, plaintiff requested that the ALJ leave the record open for thirty days

28 to allow for a supplemental report from Dr. Shin.  AR 263.  After the ALJ's opinion was issued,

plaintiff submitted a letter from Dr. Shin explaining his opinion that plaintiff's condition and disability as reported on his February 6, 2012 questionnaire would likely be the same starting from the date he first saw plaintiff in November 2009 through 2012. AR 517. It appears from the record that the ALJ did not have an opportunity to consider Dr. Shin's supplemental letter. On remand, the ALJ should do so.

This matter will be remanded so the ALJ may properly evaluate all of Dr. Carl Shin's opinions, develop the record regarding the time period to which Dr. Shin's opinions relate, and assess plaintiff's resulting residual functional capacity.

## VI. CONCLUSION

For the reasons stated herein, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 15) is granted;

2. The Commissioner's cross-motion for summary judgment (ECF No. 19) is denied; and

3. This matter is remanded under section 405g for further proceedings consistent with this order.

DATED: March 2, 2015

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE